UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gregory D. Brown,                      Case No. 3:22-cv-2323

        Plaintiff

   v.                                      MEMORANDUM OPINION
                                        AND ORDER

Dorothy Whitaker, *et al.*,

        Defendants

## Background

*Pro se* plaintiff Gregory D. Brown, a prisoner currently incarcerated in the Trumbull Correctional Institution, has filed an *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983 against three employees at the North Central Correctional Institution (NCCI), including Dorothy Whitaker, Lorri Shuler (Institutional Inspector), and Polly Schmalz (Health Care Administrator). (Doc. No. 1.) Plaintiff claims defendants were deliberately indifferent to his medical needs in connection with an infection he sustained following a tooth extraction in 2018.

Plaintiff has already filed a lawsuit, against different defendants, alleging deliberate indifference relating to the care he received at NCCI for the complications he experienced following his tooth extraction, as well as multiple other health issues. *See Brown v. Deputy Warden Craig et al.*, No. 3: 20-cv-2072 (N.D. Ohio Jan. 20, 2021). My colleague Judge Carr allowed plaintiff's prior action to proceed against some defendants only on plaintiff's claims that he was refused assistance while unable to breathe during severe asthma attacks, but the Judge otherwise dismissed his action for failure to state a claim, including insofar as it pertained to care he received for the infection he sustained

following his tooth extraction.  Judge Carr found that plaintiff's complaint failed to state a deliberate indifference claim because plaintiff had been provided care for his problems (including being "examined by prison doctors, diagnosed for possible problems, prescribed medication and tests, and referred to specialists" for surgery), and his allegations pertaining to the adequacy of his care did not rise to deliberate indifference under the Eighth Amendment.  *Id.*, slip op. at 6-7.

Here, plaintiff again complains about the care he was provided at NCCI following his tooth extraction.  He alleges defendant Whitaker delayed and refused some of his requests for treatment and "omitted" or changed certain parts of instructions he was provided by specialists.  (Doc. No. 1 at 4-5.)  In particular, he complains that Whitaker initially refused to schedule him for "special surgery" at OSU Hospital requested for him by three specialists on the basis that the prison did not have a contract with OSU and the surgery would be expensive.  (*Id.* at 5, ¶¶ 22-23.)  He acknowledges that in December 2022; however, he was provided "the requested surgery."  (*Id.* at 8, ¶ 43.)  He contends defendants Schuler and Schmalz denied his complaints about Whitaker and found that she did nothing wrong.  (*Id.* at 6, ¶¶ 33-34.)

Like his complaint in his prior action, his complaint on its face indicates that he was provided care for the infection he alleges he sustained, including the surgery.  He was seen and treated with medication, sent to outside dentists and specialty clinics, and received diagnostic tests.

He contends all three defendants "showed racial deliberate indifference toward [his] serious medical need while acting 'maliciously and sadistically' under color of law" and seeks damages and other relief.  (*Id.* at 7, ¶ 40.)

### Standard of Review

Because plaintiff is a prisoner proceeding *in forma pauperis* and seeks relief from governmental employees, his complaint is subject to screening under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  Those statutes require that I screen his complaint, and dismiss before service any portion of it that I determine is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Although a complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), even a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to avoid dismissal. *Hill*, 630 F.3d at 470–71 (internal quotation omitted) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915A and 1915(e)(2)(B)).

The factual allegations in the complaint need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## Discussion

Upon review, I find that plaintiff's complaint must be dismissed for the same reasons Judge Carr dismissed plaintiff's claims in his prior action pertaining to the care he received following his tooth extraction.

In order for a prisoner to state an Eighth Amendment deliberate indifference claim with respect to his medical care, he must demonstrate "both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). He must demonstrate that he had a "sufficient serious medical need" (the objective component), and, that the prison official in question had "a sufficiently culpable state of mind" in denying care (the subjective component). *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The subjective component requires more than mere negligence, medical malpractice, or "misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). To satisfy the subjective component, the plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he

3

then disregarded that risk." *Id.* at 703. But "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.*

Thus, with respect to Eighth Amendment deliberate indifference claims in connection with medical care, there is a distinction "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh*, 643 F.3d at 169 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

Where a prisoner has received some medical care and the dispute is over the adequacy of the treatment, "federal courts are generally reluctant to second guess medical judgments" unless the medical treatment provided was "so woefully inadequate as to amount to no treatment at all." *Id.*

Plaintiff complains about the responsiveness of Whitaker to his requests for care and the adequacy of treatment and care provided for him, but he does not contend he received no care or treatment at all. As in his prior case, plaintiff's complaint indicates that he was seen and provided treatment and care, including at least two surgeries, with respect to complications following his tooth extraction.

While plaintiff disagrees with the assessment of defendants as to the urgency of his needs or the adequacy of his care, or both, a prisoner's disagreement with the level of testing or treatment he receives rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 Fed. Appx. 434, 440 (6th Cir. 2008); Ward v. Smith, 100 F.3d 958 (TABLE), 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim"). And plaintiff's allegations do not reasonably support a reasonable inference that the care he was provided was "so woefully inadequate as to amount to no treatment at all," or that they were racially based.

Therefore, I find for the same reasons stated by Judge Carr, that plaintiff has failed to alleged a plausible deliberate difference claim in this case.

Plaintiff's complaint fails to state a claim against defendants Shuler and Schmalz for the additional reason that the "denial of an administrative grievance" by a prison official or the failure to properly investigate a grievance, as plaintiff alleges with respect to these defendants, is an insufficient basis to impose liability on a supervisory official under § 1983.  *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

## Conclusion

Accordingly, for the foregoing reasons, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A.  I further certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

   s/ Jeffrey J. Helmick
United States District Judge